UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE POSEY,

        Petitioner,

                                     Civil No. 07-11911

v.                                     Honorable David M. Lawson

BLAINE LAFLER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Terrence Posey, currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. In his application, the petitioner challenges his Kent County, Michigan circuit court conviction for receiving racketeering proceeds from a criminal enterprise, Mich. Comp. Laws § 750.159i(3), for which he was sentenced to 10 to 45 years imprisonment as a fourth habitual offender, Mich. Comp. Laws § 769.12. The petitioner contends the evidence was not constitutionally sufficient to support his conviction. The respondent has filed an answer to the petition contending that it should be denied for lack of merit. The Court agrees with the respondent and therefore will deny the petition.

I.

The petitioner's conviction arises from his operation of an escort service in Grand Rapids, Michigan in 2002. The Michigan Court of Appeals set forth the underlying facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*, 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant ran an online escort service called tpoze.com (Tpoze). Tpoze advertised that each "model" would offer an hour of topless massage, exotic dancing, or role playing for a $150 "appearance fee." Clients could request additional services for

a "tip." During the life of the business, several models performed various sexual acts for tips. Defendant typically received the entire value of the appearance fee that the model earned on an appointment. He also took the tips earned by some models who lived with him, including tips earned for performing sexual services. Several models testified that defendant encouraged them to perform sexual acts.

Defendant was charged with one count of conducting a criminal enterprise, MCL 750.159i(1), one count of acquiring or maintaining a criminal enterprise, MCL 750.159i(2), one count of receiving racketeering proceeds from a criminal enterprise, MCL 750.159i(3), one count of conspiracy to commit racketeering, MCL 750.159i(4), and one count of accepting the earnings of a prostitute, MCL 750.457. He was only convicted of receiving racketeering proceeds from a criminal enterprise.

*People v. Posey*, No. 259820, 2006 WL 2380946, at *1 (Mich. Ct. App. Aug. 17, 2006) (unpublished).

Following his conviction and sentencing, the petitioner filed an appeal as of right with the Michigan Court of Appeals, arguing that the evidence was insufficient and the prosecutor abused his discretion in making the charging decisions. The Michigan Court of Appeals affirmed his conviction and sentence, and the Michigan Supreme Court denied leave to appeal in a standard order. *People v. Posey*, 477 Mich. 1031, 727 N.W.2d 602 (2007) (table). The Michigan Supreme Court also denied the petitioner's request for reconsideration. *People v. Posey*, 477 Mich. 1117, 730 N.W.2d 219 (Apr. 24, 2007) (table). The petitioner timely filed his federal habeas application, asserting the following ground for relief:

> THE MICHIGAN COURT OF APPEALS DECISION IS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE UNITED STATES SUPREME COURT WHICH VIOLATED THE PETITIONERS FIFTH AND FOURTEENTH AMENDMENT RIGHTS BECAUSE THE PROSECUTION NEVER PROVED THE NECESSARY ELEMENTS TO SUPPORT THE PETITIONERS CONVICTION.

Pet. at 4. The respondent opposes the petition, contending that the petitioner's insufficient evidence claim lacks merit and does not warrant habeas relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, --- U.S. ---, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, --- U.S. ---, ---, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not "'an unreasonable application of clearly established Federal law'" for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); Phillips v. Bradshaw, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475

F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

The petitioner asserts that he is entitled to habeas relief because the prosecution did not present sufficient evidence to support his conviction. He says the prosecution failed to prove the predicate acts to establish a "pattern of racketeering activity" to support his conviction for receiving racketeering proceeds from a criminal enterprise.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The standard of review for a sufficiency of the evidence challenge must focus on whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16). "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

The Michigan statute under which the petitioner was convicted reads as follows:

A person who has knowingly received any proceeds derived directly or indirectly from a pattern of racketeering activity shall not directly or indirectly use or invest any part of those proceeds, or any proceeds derived from the use or investment of any of those proceeds, in the establishment or operation of an enterprise, or the

acquisition of any title to, or a right, interest, or equity in, real or personal property used or intended for use in the operation of an enterprise.

Mich. Comp. Laws § 750.159i(3). Racketeering is defined as "committing, attempting to commit, conspiring to commit, or aiding or abetting, soliciting, coercing, or intimidating a person to commit an offense for financial gain, involving [a violation of Mich. Comp. Laws 750.457]." Mich. Comp. Laws § 750.159g(ee). Section 750.457 imposes criminal liability for accepting the earnings of a prostitute.

The petitioner argued in state court that the jury must have found the evidence insufficient to convict, and pointed to his acquittals on the charges of conducting a criminal enterprise, acquiring or maintaining a criminal enterprise, conspiracy to commit racketeering, and accepting the earnings of a prostitute. The state court of appeals rejected that argument, stating:

> The evidence supported that Tpoze models performed sexual acts for "tips," that clients contacted Tpoze directly to set up appointments to receive sexual services, that defendant was aware clients wanted the models to perform sexual acts when he set appointments, that defendant expected models to perform these services, and that defendant took the money the models earned from these appointments including tip money from some models. Hence, the prosecution presented sufficient evidence to establish that defendant knowingly accepted the earnings of a prostitute. Further, the numerous incidents had substantially similar purposes, results, and participants, and were not isolated. They posed a threat of continued criminal activity, specifically, providing sexual acts for money, and all occurred within the relevant time frame. Thus, the prosecution presented sufficient evidence to enable the jury to find beyond a reasonable doubt that defendant engaged in a pattern of racketeering activity, and knowingly received proceeds derived directly or indirectly from that pattern of activity. MCL 750.159i(3). Our Supreme Court has consistently upheld inconsistent jury verdicts on multiple-count indictments. See, e.g., *People v. Lewis*, 415 Mich 443, 454-455; 330 NW2d 16 (1982) (upholding a jury verdict convicting the defendant of felony-firearm but acquitting him of the underlying felony). "A jury in a criminal case may reach *different* conclusions concerning an *identical* element of two different offenses." *People v Goss (After Remand)*, 446 Mich 587, 597; 521 NW2d 312 (1994).
>
> We recognize that inconsistent verdicts might require a mistrial when it is evident that the jury was confused, did not understand the instructions, or did not know what

> it was doing. *Lewis, supra,* at 450 n 9. Alternatively, the declaration of a mistrial is appropriate if some jurors agreed to compromise and convict a defendant on a particular charge although they did not believe beyond a reasonable doubt that the defendant committed the particular offense. *Id.* at 451-452. However, a defendant must offer evidence other than an inconsistent verdict to establish that the jury was confused, misunderstood the instructions, or improperly compromised to convict. *People v. McKinley*, 168 Mich App 496, 510-511; 425 NW2d 460 (1988). Here, defendant fails to offer any evidence to establish the necessary grounds.

*Posey*, 2006 WL 2380946, at *4.

This decision is neither contrary to *Jackson* nor an unreasonable application thereof. The testimony in this case from some of the women who worked for the petitioner's escort service and the police officers who participated in the sting operation, and the petitioner's own e-mails and business records established that he committed the crime. Although the petitioner claimed that he engaged in legitimate business and the women engaged in improper acts unbeknownst to him or without his approval, the testimony of several women in his employ did not support his version of events. *See, e.g.*, Trial Tr., 9/13/04, at 11 (Holcomb testimony); *id.* at 82 (Bowyer testimony). It was the job of the jury to resolve the evidentiary conflict. *See Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.") (quoting *Jackson*, 443 U.S. at 319).

The petitioner contends here (as he did in state court) that his conviction cannot stand because the jury's verdict of guilt on the charge of receiving racketeering proceeds from a criminal enterprise was inconsistent with its verdict of acquittal on the other charges. The Supreme Court, however, has stated that "inconsistent verdicts are constitutionally tolerable," *Dowling v. United States*, 493 U.S. 342, 353-54 (1990), and "[i]nconsistency in a verdict is not a sufficient reason for

setting it aside." *Harris v. Rivera*, 454 U.S. 339, 345 (1981); *see also Dunn v. United States*, 284 U.S. 390, 393 (1932) (observing that "[t]he most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt" (quoting *Steckler v. Unitede States*, 7 F.2d 59, 60 (2d. Cir. 1925)). That an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell*, 469 U.S. 57, 65 (1984). The fact that an inconsistent verdict might be the result of lenity on the part of the fact finder, coupled with the fact that the prosecutor is unable to obtain appellate review of a conviction, "suggests that inconsistent verdicts should not be reviewable." *Id.* at 66. Because the United States Supreme Court has held that inconsistent verdicts are constitutionally tolerable, and because any inconsistency does not affect the overarching issue of guilt, the state court's affirmance of the petitioner's conviction is not an unreasonable application of clearly established federal law.

Finally, the petition might be read as a challenge to the Michigan Court of Appeals' construction of state law. An error predicated on that claim, however, would not entitle the petitioner to habeas relief. "A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002) (quoting *Bates v. McCaughtrey*, 934 F.2d 99, 102 (7th Cir. 1991)).

This Court finds that the state court's decision that a rational trier of fact could find the essential elements of receiving racketeering proceeds from a criminal enterprise beyond a reasonable

doubt was reasonable. Therefore, the petition for a writ of habeas corpus must be denied. 28 U.S.C. § 2254(d).

III.

The petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 9, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 9, 2010.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI